# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**EARNEST EUGENE WALKER, JR.,**

        **Petitioner,**

    v.                      CASE NO. 21-3150-SAC

**STATE OF KANSAS,**

        **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

Petitioner filed this *pro se* habeas case under 28 U.S.C. § 2254. He contends that the State of Kansas violated his Fifth Amendment protection against double jeopardy by revoking his probation and ordering him to serve the underlying prison sentence after his sentence had expired. Petitioner also argues that being required to proceed pro se denied him his Sixth Amendment right to the effective assistance of counsel, he appears to challenge his extradition from Colorado, and he briefly refers to an Eighth Amendment claim for cruel and unusual punishment. Because Petitioner has not alleged that he is in custody, the Court will direct him to provide further information about his custodial status and the type of relief he seeks through this action.

**Custody Requirement**

To obtain habeas corpus relief, under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). This requirement is jurisdictional and "[c]ustody status is determined as of the time the habeas petition is filed." *Dickey*

*v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016). Although a "petitioner need not . . . demonstrate actual, physical custody to obtain relief," the "state-court criminal conviction" must "subject[] the petitioner to 'severe restraints on [his or her] individual liberty. A restraint is severe when it is 'not shared by the public generally." *Id.* at 692-93 (citations omitted). The United States Supreme Court has held that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'" *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021)(quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989)). But "habeas corpus is available for prisoners released on . . . parole, among other situations." *Dickey*, 664 Fed. Appx. at 693 (citations omitted).

The documents Petitioner has filed with the Court do not reflect that he is "in custody." He identifies the state-court judgment of conviction he is challenging as having occurred in 1998 and states that the resulting sentence was 3 to 10 years. (Doc. 1, p. 1.) Similarly, in *State v. Walker*, 2008 WL 142345, at *1 (Kan. Ct. App.) (2008), the Kansas Court of Appeals stated that a June 1998 report from the Kansas Department of Corrections "indicated that Walker had a controlling term of 3-10 years with a sentence begins date of July 30, 1997." Either way, it appears that the sentence imposed for the convictions Petitioner now seeks to challenge has expired.

Thus, the Court will direct Petitioner to inform the Court whether or not he is currently "in custody" as a result of the convictions he seeks to challenge. Petitioner must specifically identify by year of conviction and district court case number, if

known, which convictions he seeks to challenge and he must inform the Court whether or not the sentences on those convictions have expired. If Petitioner is no longer in custody, the Court may dismiss this action on that basis alone.

**Relief Sought**

"[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). As discussed above, it does not appear that Petiioner is "in custody" for the convictions he seeks to challenge. In addition, however, Petitioner does not seek release from custody. Rather, in his prayer for relief, he asks for a "summary judgment ruling that the sentences were in fact illegal," holdings regarding "civil rights violations pursuant to U.S.C. 1983 [*sic*]," and exoneration of all convictions that occurred "after the illegal incarceration." (Doc. 1, p. 15.) Thus, it appears that despite his characterization of this action as one under 28 U.S.C. § 2254, the relief Petitioner seeks is not available in a federal habeas action. If Petitioner seeks relief available through federal habeas, he must identify for the Court what that is.

**IT IS THEREFORE ORDERED THAT** Petitioner is granted until August 2, 2021, in which to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why this action should not be dismissed because he is no longer in custody on the convictions he seeks to challenge. In his response, Petitioner shall also articulate the relief he seeks in this action.

**IT IS SO ORDERED.**

DATED:  This 1st day of July, 2021, at Topeka, Kansas.


                          S/ Sam A. Crow

                          SAM A. CROW
                          U.S. Senior District Judge