```
              IN THE UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF KANSAS
```

**EARNEST EUGENE WALKER, JR.,**

                  **Petitioner,**

        **v.**                                                      CASE NO. 21-3150-SAC

**STATE OF KANSAS,**

                  **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

Petitioner filed this *pro se* habeas case under 28 U.S.C. § 2254. Although Petitioner raises multiple constitutional arguments, he did not allege in his petition that he was in custody. Thus, in a Notice and Order to Show Cause (NOSC) issued on July 1, 2021, the Court directed Petitioner to provide further information about his custodial status and the type of relief he seeks through this action. (Doc. 4.) On July 14, 2021, Petitioner filed a response to the NOSC and a notice of change of address. (Docs. 5 and 6.) Having reviewed the documents, the Court concludes that this matter must be dismissed because Petitioner seeks relief not available under in a federal habeas corpus action under § 2254. Because the Court dismisses the action, it also denies Petitioner's pending motion to appoint counsel (Doc. 3) as moot.

**Custody Requirement**

To obtain habeas corpus relief, under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). "The custody requirement is jurisdictional." *Mays v.*

*Dinwiddie*, 580 F.3d 1136, 1139 (10th Cir. 2009). The United States Supreme Court has held that "a habeas petitioner does not remain 'in custody' under a conviction 'after the sentence imposed for it has fully expired.'" *Alaska v. Wright*, 141 S. Ct. 1467, 1468 (2021)(quoting *Maleng v. Cook*, 490 U.S. 488, 492 (1989

As the Court noted in the NOSC, the information available does not reflect that Petitioner was in custody at the time he filed this federal habeas petition. *See Dickey v. Allbaugh*, 664 Fed. Appx. 690, 692 (10th Cir. 2016) (jurisdictional custody requirement "is determined as of the time the habeas petition is filed"). The Court therefore instructed Petitioner to inform the Court whether he is currently in custody, identify which convictions he seeks to challenge, and inform the court whether the sentences for those convictions have expired. *Id.*

In his response, Petitioner acknowledges that he is not in custody and he identifies the relief he seeks as a determination of "whether the sentences served were illegal." (Doc. 6, p. 2.) This sort of relief is not available through habeas corpus proceedings. "[T]he traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); see *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012). Even liberally construing Petitioner's petition and response to the NOSC, Petitioner has not demonstrated that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. 2254(a). Thus, § 2254 does not provide jurisdiction for the Court to consider the merits of Petitioner's arguments.

Petitioner asks the Court to consider the merits of his case

regardless of whether it is a proper habeas claim, but he does not assert any alternative cause of action. (Doc. 6, p. 3.) And although the Court must construe Petitioner's pro se pleadings liberally, it must not serve as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

For the reasons set forth above, the Court concludes that it lacks jurisdiction over the present petition because Petitioner is not in State custody. The Court will therefore dismiss this matter for lack of jurisdiction. The Court also concludes that its procedural ruling in this matter is not subject to debate among jurists of reason and declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED THAT** Petitioner's motion to appoint counsel (Doc. 3) is **denied**.

**IT IS FURTHER ORDERED THAT** this matter is **dismissed** for lack of jurisdiction. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 19th day of July, 2021, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge